UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

NOBLE BATES                                    CIVIL ACTION NO. 19-cv-1157

VERSUS                                         JUDGE FOOTE

NATIONAL UNION FIRE INSURANCE CO.              MAGISTRATE JUDGE HORNSBY
OF PITTSBURG, PA, ET AL

**MEMORANDUM ORDER**

Noble Bates ("Plaintiff") filed this civil action in state court to complain of damages he sustained as a result of an automobile accident. He sued Archie Call ("Call"), the driver of the other vehicle; ARI Fleet, LT ("ARI"), Call's employer; and National Union Fire Insurance Co. of Pittsburgh, PA ("National Union"). Call and National Union removed the case to this court on the basis of diversity jurisdiction.

The court has an independent duty to ascertain that it has subject matter jurisdiction over a civil action. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). "There is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996).

The notice of removal alleges that National Union is a Pennsylvania corporation with its principal place of business in New York and that Call is domiciled in Florida. These allegations are sufficient with respect to the citizenship of those parties. The notice also includes allegations about the injuries at issue, including that Plaintiff has received spine injections and has been advised by a physician that he may be a candidate for neck

and back surgeries. Those allegations are sufficient to demonstrate that the amount in controversy exceeds $75,000.

The notice of removal is lacking with regard to Plaintiff's citizenship. The notice states that Plaintiff is a resident of DeSoto Parish. It is domicile rather than mere residency that decides citizenship for diversity purposes, and "an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984). A person may reside in multiple states simultaneously, but "[a]n individual who resides in more than one State is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State." Wachovia Bank v. Schmidt, 126 S. Ct. 941, 951 (2006). That is the state in which the person is domiciled. Id.; Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 451 (5th Cir. 2003). Fortunately, the original petition filed in state court alleges that Plaintiff is domiciled in Louisiana. That allegation is sufficient to cure the notice of removal.

The notice of removal states that ARI is "a foreign corporation domiciled in the State of Delaware." That is not a sufficient allegation to establish ARI's citizenship. However, the notice states in Paragraph 3 that ARI was voluntarily dismissed prior to removal and is no longer a party to this suit. The citizenship of a party that is voluntarily dismissed prior to removal need not be considered. See Rasbury v. USAA General Indenity, 2015 WL 1906205 (W.D. La. 2015), citing Vasquez v. Alto Bonito Gravel Plant Corp., 56 F.3d 689, 693 (5th Cir. 1995).

Accordingly, the court finds that subject matter jurisdiction exists pursuant to 28 USC § 1332. This finding is preliminary and may be reconsidered sua sponte or on appropriate motion.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of September, 2019.

Mark L. Hornsby
U.S. Magistrate Judge